988 So.2d 404 (2008)
Jeffrey Earl EVANS a/k/a Mickey, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00295-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Jeffrey Earl Evans (pro se), attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Jeffrey Earl Evans appeals the Itawamba County Circuit Court's denial of his motion for post-conviction relief. Aggrieved, he appeals and alleges that (1) he was illegally sentenced as a habitual offender and (2) the indictment was fatally defective. Finding no error, we affirm the judgment of the trial court.

*405 FACTS AND PROCEDURAL HISTORY
¶ 2. On July 20, 2004, Evans was indicted for the grand larceny of a 1980 F-350 pickup truck. The indictment also charged him as a previously convicted felon under Mississippi Code Annotated section 99-19-81 (Rev.2007). For the previous felony convictions, the indictment stated that Evans had pleaded guilty in the Itawamba County Circuit Court to uttering a forgery for which he was sentenced to three years' imprisonment. It also charged that he had pleaded guilty to burglary of a building and was sentenced to ten years' imprisonment.
¶ 3. Evans pleaded guilty on September 9, 2004, to grand larceny as charged in the indictment. The trial court sentenced him to the maximum sentence of five years' imprisonment due to Evans's habitual offender status.
¶ 4. On September 8, 2006, Evans filed a motion for post-conviction relief in the Itawamba County Circuit Court. The trial court denied the motion and stated that Evans was a habitual offender and should have been sentenced as such.
¶ 5. Evans timely appealed the trial court's judgment.

STANDARD OF REVIEW
¶ 6. An appellate court will not disturb a lower court's denial of post-conviction relief unless it is clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when questions of law are raised, this Court's standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 7. Evans alleges that the trial court erred by denying his motion for post-conviction relief. However, all of the alleged errors involve only the enhancement of his sentence as a habitual offender. He freely admits in his brief that he raises no issue with the underlying conviction of grand larceny. Essentially, Evans alleges that: (1) there was an insufficient factual basis for the enhancement portion of his sentence and (2) the indictment was fatally defective.

I. Whether the trial court erred in sentencing Evans as a habitual offender.
¶ 8. Evans argues that the trial court erred when it sentenced him as a habitual offender. He now claims that the two previous convictions and sentences listed in the indictment did not actually occur. He further argues that the proof was insufficient at the guilty plea hearing to allow him to receive an enhanced sentence.
¶ 9. With his motion for post-conviction relief, Evans presented the trial court with a letter he had sent to Carol Gates, the Circuit Clerk of Itawamba County. The letter asked Gates if she could find anything in her files that showed Evans received a sentence of three years' imprisonment on July 29, 2002. On that letter, the following notation appears on the bottom left corner:
Jeff,
I went back to 1990 and I did not find any sentence ordered on July 29, 2002. Could it be in another county?
Carol Gates
¶ 10. In his brief, Evans cites to two cases that require proof to be put on in order to sentence someone as a habitual offender, Vince v. State, 844 So.2d 510 (Miss.Ct.App.2003) and Branning v. State, 224 So.2d 579 (Miss.1969). However, his reliance upon those two cases is misplaced. In each of those cases, the defendants went to a full trial. Evans pleaded guilty; *406 therefore, a trial never occurred. In a full trial, the elements of a crime and enhancement status must be proven beyond a reasonable doubt. However, upon entry of a guilty plea, the burden of proof is not nearly as high. The trial court must have before it "enough [evidence] that the court may say with confidence the prosecution could prove the accused guilty of the crime charged[.]" Corley v. State, 585 So.2d 765, 767 (Miss.1991). Further, a defendant's own admission may suffice for the factual basis. Id.
¶ 11. During the plea colloquy, the trial court twice asked Evans about his prior convictions. The first exchange was as follows:
TRIAL COURT: Tell me what  you have several, three prior convictions, felony convictions that I'm aware of. Are there more than that?
EVANS: Yes, sir.
TRIAL COURT: How many total?
EVANS: Your Honor, I really don't know, to be honest.
TRIAL COURT: Do you have other felony charges pending other than what we're taking care of here today?
EVANS: No, sir, this is it.
The trial court then specifically questioned him if each prior conviction charged in the indictment was true. He responded that each charge was true.
¶ 12. These exchanges provided enough of a factual basis for the trial court to accept the guilty plea as to the enhancement charge. While the State could have presented certified copies of the judgment of convictions, it was not required. The State merely had to ensure that enough evidence was presented so the trial court could say with confidence that the State could prove that Evans previously had been convicted of the two felonies listed in the indictment. Here, Evans's own admissions provided such evidence.
¶ 13. Therefore, this allegation of error is without merit.

II. Whether the indictment was fatally defective.
¶ 14. Evans alleges that his indictment was defective for failing to properly charge him as a habitual offender. Prior to addressing this claim, Evans mentions in his brief that the trial court incorrectly referenced a cause number that was not associated with his motion for post-conviction relief. The trial court stated in its order, "Petitioner first asserts that the indictment in CR98-151 was defective." This appears to be a mere scrivener's error that the trial court committed while drafting the order. The trial court identified the correct cause number, CR04-034, in the previous two lines of the order and specifically addressed the issue raised by Evans in his motion for post-conviction relief.
¶ 15. We now turn to whether the indictment was fatally defective. Evans alleges that he was "never formally indicted as an habitual offender." However, that is clearly not the case. Evans correctly points to Rule 11.03(1) of the Uniform Rules of Circuit and County Court for what an indictment should include when charging a defendant with an enhanced punishment for subsequent offenses. It states in part:
The indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of the judgment.
URCCC 11.03(1).
¶ 16. Evans was indicted by an Itawamba County grand jury on July 20, 2004. *407 The indictment charged that Evans feloniously stole a 1980 F-350 pickup truck, worth more than $500. The indictment charged him as a habitual offender under section 99-19-81 and specifically alleged two prior convictions. It included where the convictions occurred, the cause numbers, the crimes committed, the conviction dates, and the sentences. There was one amendment to the indictment. However, it merely provided the correct spelling of Evans's first name, amending the indictment from "Jeffery" to "Jeffrey."
¶ 17. Clearly, the indictment sufficiently charged Evans as a habitual offender. Therefore, this allegation of error is without merit, and we affirm the judgment of the trial court.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.