RUSSELL, J.,
for the Court:
¶ 1. Roy Dale Wallace appeals the Harrison County Circuit Court’s denial of his motion to vacate[1] his conviction and sentence as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007). While the errors he raises are unclear from his brief, we surmise that he asserts the circuit court erred by not confirming the prior convictions relied upon to qualify him as a habitual offender. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 30, 2007, Wallace was indicted for robbery in Harrison County, MS. On December 4, 2007, the State filed a motion to amend the indictment to charge him as a habitual offender under section 99-19-81. The amended indictment included the following prior convictions: (1) a January 22,1987 conviction in the Circuit Court of Cabell County, West Virginia of felony aggravated assault in cause number 86-F-86, for which he was sentenced to a term of not less than one year nor more than ten years in the West Virginia State Penitentiary; (2) a March 15, 2001 conviction in the Circuit Court of Rutherford County, Tennessee on of Count 1, of aggravated robbery in cause number 50219, for which he was sentenced to ten years in the custody of the Tennessee Department of Corrections; and (3) a March 15, 2001 conviction in the Circuit Court of Rutherford County, Tennessee on of Count 2, of aggravated robbery, in cause number 50219, for which he was sentenced to a term of ten years in the custody of the Tennessee Department of Corrections.
¶ 3. On December 10, 2007, Wallace pled guilty to robbery as a habitual offender under section 99-19-81. On December 11, *791 2007, the State’s motion to amend the indictment was granted.
¶ 4. On December 10, 2010, Wallace filed his motion to vacate his conviction and sentence in the Circuit Court of Harrison County. The trial court denied the motion on April 8, 2011. Wallace now appeals.
DISCUSSION
¶ 5. “In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
¶ 6. Mississippi Code Annotated section 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 7. The State filed its motion to amend the indictment on December 4, 2007, to charge Wallace as a habitual offender under section 99-19-81. Wallace was convicted at least twice previously of felonies upon charges separately brought and arising out of separate incidents at different times. He was also sentenced separately to more than one year in state penal institutions for those previous crimes.
¶ 8. The State proved the prior offenses by competent evidence. In the case cited by Wallace, this Court vacated the defendant’s sentence as a habitual offender, reasoning that the indictment was defective because it did not describe with particularity the nature of the previous convictions. Vince v. State, 844 So.2d 510, 516-17 (¶ 20) (Miss.Ct.App.2003). Here, in the order amending the indictment, Wallace’s three prior felony convictions were listed. Wallace was convicted of aggravated assault in West Virginia on January 22, 1987. He was also convicted of two counts of aggravated robbery in Tennessee on March 15, 2001. Unlike in Vince, the previous convictions listed in Wallace’s indictment were described with specificity.
¶ 9. Wallace also argues that the State did not prove any of the convictions listed in the amended indictment and, further, that one of these convictions was not mentioned at the plea hearing. A “defendant’s failure at the time of sentencing to request a separate hearing would preclude his now raising the point, even if it had substantive merit.” Keyes v. State, 549 So.2d 949, 951 (Miss.1989). “[WJhere the defendant enters a plea of guilty, nothing in the rule mandates a separate hearing.” Id. Wallace’s argument is waived because these issues were not raised at the plea hearing. Procedural bar notwithstanding, Wallace still has the requisite two prior felony convictions for habitual offender status.
¶ 10. Lastly, Wallace was afforded a reasonable opportunity to challenge the State’s proof. The prosecutor stated to the court that a copy of the amended indictment had been provided to defense counsel prior to the plea hearing. In addition, Wallace even stated to the court that *792 he was aware of the State’s twelve-year sentence recommendation based on his status as a habitual offender. Clearly, Wallace had an opportunity before and during his plea hearing to challenge the prior convictions used by the State as the basis for his habitual-offender status. He did not. Thus, Wallace’s status as a habitual offender was properly established at the time his sentence was imposed.
¶ 11. The record shows Wallace voluntarily entered a plea of guilty:
The Court: Okay. Mr. Wallace the indictment says that on February 26th, 2007, you, here in the First Judicial District, did willfully, unlawfully and feloniously take, steal, and carry away the personal property of Ardell Roberts of which she was in lawful possession by virtue of her employment by the Peoples Bank on 30th Avenue. And that you did so in the presence of and against her will by putting her in fear of immediate injury to her person.
[[Image here]]
The Court: Do you still want to plead guilty?
Defendant Wallace: Yes, sir.
[[Image here]]
The Court: Roy Dale Wallace, I’m satisfied you understand the consequences of entering a plea of guilty. I’m satisfied you are in fact guilty; that you freely and voluntarily have entered into this plea. I’m going to sentence you to the custody of the Department of Corrections of the State of Mississippi to a term of twelve (12) years under the Section 99-19-81, and this is without the benefit of parole, day-for-day. That’s the sentence. Good luck to you.
¶ 12. Upon entry of a guilty plea, the trial court must have before it “enough [evidence] that the court may say with confidence the prosecution could prove the accused guilty of the crime charged[.]” Evans v. State, 988 So.2d 404, 406 (¶ 10) (Miss.2008). A defendant’s own admission may suffice for the factual basis. Id. Wallace admitted to the robbery charge before the trial court. His admission was sufficient for the circuit court’s finding of his guilt.
¶ 13. For the foregoing reasons, we affirm the judgment of the Circuit Court of Harrison County, Mississippi.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. The circuit court construed the motion to vacate as a PCR motion.