GRIFFIS, P.J.,
for the Court:
¶ 1. Shaun Whitfield appeals the circuit court’s dismissal of his motion for post-conviction collateral relief, claiming that his indictment was improperly amended to charge him as a habitual offender and that he received ineffective assistance of counsel. We find no error and affirm.
FACTS
¶ 2. Whitfield was indicted on Count I, conspiracy to manufacture methamphetamine under Mississippi Code Annotated section 97-l-l(l)(a) (Supp.2011), and Count II, possession of precursors under Mississippi Code Annotated section 41-29-313 (Supp.2011). On the day before trial, Whitfield decided to enter a guilty plea to Count II. The State agreed to remand Count I to the file.
¶ 3. The case was assigned to County Court Judge Allen B. Couch Jr. for the purpose of entering the plea. On August 19, 2008, the morning of the plea hearing, the State moved to amend the indictment to charge Whitfield as a habitual offender. *387 The amended indictment alleged that Whitfield had two prior felony convictions in Arkansas. While the motion to amend was still pending, Judge Couch proceeded with the plea hearing. Whitfield presented his plea petition, which stated that he was entering a guilty plea to the charge of possession of two or more precursors “as a 99-19-81 habitual offender.” See Miss. Code Ann. § 99-19-81 (Rev.2007).
¶ 4. Judge Couch noted that the order amending the indictment had not yet been entered. He informed Whitfield that the amendment adding his habitual-offender status could be made at any time before the sentencing. The plea colloquy continued with discussion of Whitfield’s plea as a habitual offender. Judge Couch asked: “You could get a maximum of [thirty] years. And under — especially under the habitual statute, you may have to serve every day of that [thirty]-year sentence. Do you understand that?” Whitfield answered: ‘Tes.”
¶ 5. As part of the plea agreement, the State recommended that Whitfield’s sentence be capped at ten years. Judge Couch warned Whitfield that the sentencing judge would not be bound by that agreement, and Whitfield could be sentenced to the maximum thirty years. ■Whitfield stated that he understood. Judge Couch accepted Whitfield's guilty plea, and the sentencing hearing was set for September 11, 2008.
¶ 6. Circuit Judge Robert P. Chamberlin presided over the sentencing hearing. Judge Chamberlin stated that there was a proposed order amending the indictment to add Whitfield’s status as a habitual offender. Whitfield’s counsel stated that there was no objection to the indictment. The State presented copies of Whitfield’s two prior felony convictions, to which Whitfield’s counsel responded:
Defense Counsel: My understanding is — I think what Ms. Brewer has is one certified copy. The other one is not actually certified. It’s just a copy, but Mr. Whitfield and I had some discussion about that. It’s my understanding that he is going to — which he already has with the plea, but it’s my understanding that he is going to agree before the Court today that he is in fact a habitual offender, even without Ms. Brewer having one of the copies being certified. Mr. Whitfield, have I accurately stated mine and your discussion and your wishes on this case?
Defendant: Yes, sir.
Judge Chamberlin then entered the order amending the indictment, stating:
Judge Couch noted that [Whitfield] was pleading as a habitual offender but that the actual order amending the indictment had not been entered, and Judge Couch specifically told him that the State could come back and amend the indictment, which was understood at the time of the plea and is understood, of course, by Mr. Whitfield today; therefore, I will enter the order amending [the] indictment.
¶ 7. The State recommended that Whitfield’s sentence be capped at ten years. Judge Chamberlin asked whether the State had conducted a proportionality test to determine that something less than the maximum thirty years was appropriate, and the State confirmed that it had done so.[1] Whitfield was sentenced as a habitual *388 offender to twenty years, with ten years to serve, and ten years of post-release supervision. He was also fined $5,000.
¶8. Whitfield file a motion for post-conviction collateral relief on May 19, 2010. He alleged numerous errors, including: the indictment failed to charge him as a habitual offender, the motion to amend the indictment resulted in an unfair surprise, the motion to amend the indictment violated due process and voided the guilty plea, the evidence offered to prove his habitual-offender status was insufficient, he did not knowingly plead guilty as a habitual offender, and he received ineffective assistance of counsel. The circuit court found that Whitfield’s claims did not merit an evidentiary hearing, and the motion was dismissed.
STANDARD OF REVIEW
¶ 9. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the circuit court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Amendment of the Indictment

¶ 10. Whitfield argues that he did not knowingly enter a guilty plea as a habitual offender because he was unfairly surprised by the amendment of his indictment. This contention is wholly refuted by the record.
¶ 11. Rule 7.09 of the Uniform Rules of Circuit and County Court allows that indictments may be amended to charge the defendant as a habitual offender. The only limitation on amendment is that the defendant must be “afforded a fair opportunity to present a defense and is not unfairly surprised.” Id. The Mississippi Supreme Court has held:
The rule does not speak to the timing of the amendment, only that the defendant must be “afforded a fair opportunity to present a defense” and “not [be] unfairly surprised.” URCCC 7.09. This means that the defendant must be afforded due process of law and be given fair notice of “the nature and cause of the accusation.” U.S. Const, amends. VI, XIV; Miss. Const, art. 3, §§ 14, 26.
Gowdy v. State, 56 So.3d 540, 545 (¶ 16) (Miss.2010).
¶ 12. The record shows that Whitfield knew the State was seeking habitual-offender status. His signed plea petition explicitly stated his wish to enter a plea of guilty as a habitual offender. Judge Couch began the plea hearing by informing Whitfield that the State had filed the motion to amend, which, if granted, would subject Whitfield to a maximum sentence of thirty years to be served day for day. Whitfield stated under oath that he and his attorney had reviewed the plea petition and the plea offer from the State, and that he wanted to plead guilty. Although he was fully aware of the State’s proposed amendment to the indictment and its effect on his sentence, Whitfield made no objection.
¶ 13. In Spencer v. State, 994 So.2d 878, 880 (¶ 5) (Miss.Ct.App.2008), we held that the defendant was not unfairly surprised because he had time to prepare a defense in the interval between the filing of the State’s motion to amend the indictment and the sentencing hearing. Here, Whit *389 field was not sentenced until almost one month later. He again expressly stated that he had no objection to the State’s motion to amend. At his sentencing hearing, he declined all opportunities to present a defense to the amendment. Furthermore, he did not request a continuance to prepare such a defense. See Nathan v. State, 552 So.2d 99, 107 (Miss.1989) (stating the supreme court “has held that where a defendant does not ask for a continuance when an indictment is amended[,] he cannot later object that he was surprised and prejudiced in this defense.”) (citations omitted).
¶ 14. Instead of preparing a defense or requesting a continuance, Whitfield admitted both of his prior felony convictions and agreed to be sentenced as a habitual offender. See Evans v. State, 988 So.2d 404, 406 (¶ 12) (Miss.Ct.App.2008) (holding that, in the context of a guilty plea, the defendant’s own admission was sufficient evidence to meet the State’s burden of proving habitual-offender status). We note that, despite his current attack on his guilty plea, Whitfield’s agreement with the State’s plea offer afforded him a much lesser sentence than the maximum thirty years he was facing.
¶ 15. We find that the timing of the amendment was proper, it was not an unfair surprise to Whitfield, and the record conclusively proves Whitfield knowingly entered his guilty plea as a habitual offender. Accordingly, this issue has no merit.

2. Ineffective Assistance of Counsel

¶ 16. Whitfield also claims he received ineffective assistance of counsel. To prove this claim, he must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Whitfield to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 17. Whitfield provides no support for this claim other than his own statement. He argues that his counsel should have objected to the amendment of his indictment, but the record is clear that Whitfield himself had an opportunity to object. His counsel asked him under oath whether he wanted to proceed to enter his plea as a habitual offender, and he said yes.
¶ 18. Further, Whitfield told Judge Couch that he was satisfied with his representation and that he had no complaints about his attorney. This issue has no merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. In an abundance of caution, Judge Cham-berlin filed a sua sponte order regarding the proportionality of Whitfield’s sentence. He applied certain factors, "including the gravity of the offense and the harshness of the penalty, comparison of the sentences imposed on other criminals in the same jurisdiction^] and comparison of sentences imposed in other *388 jurisdictions for commission of the same crime.” He found "the maximum sentence to be disproportionate ... and that the sentence entered by the Court, pursuant to the agreement of the [S]tate and the defendant, [was] the appropriate proportionate constitutional sentence for this particular case.”