# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00755-COA

| | |
|---|---|
| **ROY DALE WALLACE A/K/A ROY D. WALLACE** | **APPELLANT** |
| **v.** | |
| **STATE OF MISSISSIPPI** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2014 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROY DALE WALLACE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LA DONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 11/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P. J., FOR THE COURT:**

¶1. The Harrison County Circuit Court denied Roy Wallace's second motion for post-conviction relief (PCR), finding it to be both procedurally barred and without merit. Wallace now appeals, arguing that the circuit court erred in not granting the motion because his sentence is illegal.

¶2. Finding no error, we affirm.

## FACTS

¶3. Wallace was indicted, on July 30, 2007, for robbery. On December 4, 2007, the State

filed a motion to amend the indictment to charge him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). The amended indictment alleged that (1) on January 22, 1987, Wallace was convicted of felony aggravated assault and sentenced to a term of not less than one year nor more than ten years in the West Virginia State Penitentiary; (2) on March 15, 2001, Wallace was convicted of aggravated robbery and sentenced to ten years in the custody of the Tennessee Department of Corrections (TDOC); and (3) on March 15, 2001, Wallace was convicted of aggravated robbery and sentenced to a term of ten years in the custody of the TDOC.

¶4.    On December 10, 2007, Wallace pleaded guilty to robbery, and the trial court sentenced him under section 99-19-81 to twelve years in the custody of the Mississippi Department of Corrections without the possibility of parole or probation. The trial court and this Court have previously noted that the motion to amend was granted on the same day as the guilty plea, December 10, 2007, but was not entered until December 11, 2007. *See Wallace v. State,* 88 So. 3d 789, 790-91 (¶3) (Miss. Ct. App. 2012).

¶5.    Following his sentencing, Wallace filed his first PCR motion, and the trial court denied the motion. Wallace appealed that order of denial, arguing that his sentence was illegal because "the circuit court erred by not confirming the prior convictions relied upon to qualify him as a habitual offender." *See id.* at 790 (¶1). This Court affirmed, finding that the State had offered sufficient proof of Wallace's habitual-offender status. *Id.* at 792 (¶13).

2

¶6.     On April 21, 2014, Wallace filed a second PCR motion.[1]  The trial court found that Wallace's motion was successive and, therefore, procedurally barred.  The trial court also found that notwithstanding the procedural bar, Wallace's motion was without merit.  Accordingly, the trial court denied Wallace's motion.  It is from this denial that Wallace appeals.

## DISCUSSION

¶7.     We review a trial court's findings of fact regarding a denial or dismissal of a PCR motion under an abuse-of-discretion standard.  *Crosby v. State,* 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009).  However, questions of law are reviewed de novo.  *Williams v. State,* 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004) (citing *Pace v. State,* 770 So. 2d 1052, 1055 (¶4) (Miss. Ct. App. 2000)).  "The trial court may summarily dismiss a PCR motion where 'it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]'"  *White v. State,* 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)).  Accordingly, it is well settled in our jurisprudence that a trial court's denial of a PCR motion will not be reversed unless the trial court's decision was clearly erroneous.  *Smith v. State,* 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002).

    I.     *Procedural Bar*

---

[1] Actually, Wallace filed a letter contesting the validity of his sentence, which the trial court treated as a PCR motion.

¶8.    Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), an order "denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Wallace's first PCR motion was denied by the trial court in April 2011. Pursuant to section 99-39-23(6), that denial barred the PCR motion at issue in this appeal. Also, Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that "[a] motion for relief . . . shall be made, . . . in [a] case [where there was a] guilty plea, within three (3) years after entry of the judgment of conviction." Wallace's 2014 PCR motion was not filed until April 21, 2014, more than six years after his December 10, 2007 guilty plea. Therefore, we find that Wallace's 2014 PCR motion is also time-barred under section 99-39-5(2). In addition, Mississippi Code Annotated section 99-39-21(3) (Rev. 2015) provides that "[t]he doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal." The trial court previously found that Wallace was properly sentenced as a habitual offender, when it denied Wallace's 2011 PCR motion to vacate his conviction and sentence as a habitual offender under section 99-19-81, and this Court further confirmed that issue by affirming the decision. *See Wallace*, 88 So. 3d at 790 (¶1). As such, Wallace's claim is also barred by the doctrine of res judicata.

¶9.    Although Wallace's claim is successive and untimely, this Court looks to see whether an exception applies to the procedural bars. When a successive PCR motion is filed, "the burden falls on the movant to show he has met a statutory exception." *White,* 59 So. 3d at

4

635 (¶8) (citing *Adams v. State,* 954 So. 2d 1051, 1053 (Miss. Ct. App. 2007)). "Errors affecting fundamental constitutional rights are excepted from the procedural bars of the [UPCCRA]." *Id.* (internal citation and quotation marks omitted). However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Id.* at 636 (¶11) (citing *Chandler v. State,* 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). Although Wallace argues that his fundamental constitutional rights were violated, his argument is without substance, as the record does not reveal any error by the trial court in sentencing Wallace as a habitual offender. Therefore, Wallace has not proved an exception sufficient to overcome the procedural bars.

## II. *Amendment of the Indictment*

¶10. Procedural bar notwithstanding, Wallace's argument lacks merit. Wallace argues that his sentence as a habitual offender is illegal because the order granting the State's motion to amend the indictment to charge him as a habitual offender was not entered until the day after he entered his guilty plea. "Rule 7.09 of the Uniform Rules of Circuit and County Court provides that indictments may be amended to charge the defendant as a habitual offender. The only limitation on [an] amendment is that the defendant must be 'afforded a fair opportunity to present a defense and [not be] unfairly surprised.'" *Whitfield v. State,* 105 So. 3d 385, 388 (¶11) (Miss. Ct. App. 2012) (quoting URCCC 7.09). In reference to Rule 7.09, the Mississippi Supreme Court has stated:

> The rule does not speak to the timing of the amendment, only that the
> defendant must be afforded a fair opportunity to present a defense and not [be]

5

unfairly surprised. This means that the defendant must be afforded due process of law and be given fair notice of the nature and cause of the accusation.

*Gowdy v. State,* 56 So. 3d 540, 545 (¶16) (Miss. 2010).

¶11. This Court rejected a similar claim in *Whitfield,* 105 So. 3d 385. There, the State filed a motion to amend the indictment to charge Whitfield as a habitual offender on the same day that he entered his guilty plea. *Id.* at 386 (¶3). At the plea hearing, the trial court accepted Whitfield's guilty plea as a habitual offender. However, the trial court deferred sentencing and did not file an order amending the indictment until the sentencing hearing, which occurred nearly a month after the guilty-plea hearing. *Id.* at 387 (¶¶5-6). We found that the trial court had not erred in sentencing Whitfield as a habitual offender prior to entering the order amending the indictment because "the amendment . . . was not an unfair surprise to Whitfield, and the record conclusively prove[d] Whitfield knowingly entered his guilty plea as a habitual offender." *Id.* at 389 (¶15).

¶12. Here, the record reflects that the motion to amend was filed a week prior to the plea hearing. Wallace admits that he is not arguing a lack of notice. Therefore, he was not denied an "opportunity to present a defense" and was not "unfairly surprised." As such, we find this issue is without merit. Accordingly, we affirm.

¶13. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**

6