# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00015-COA

**THOMAS MATNEY A/K/A THOMAS PAUL MATNEY A/K/A TOM PAUL MATNEY**
                                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**
                                                                    **APPELLEE**

DATE OF JUDGMENT:              12/13/2016
TRIAL JUDGE:                   HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        THOMAS MATNEY (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: KATY T. GERBER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 01/30/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Thomas Matney appeals the "deni[al] and dismiss[al]" of his motion for post-conviction collateral relief (PCCR).  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Matney entered a plea of guilty to two counts of burglary of a dwelling house.  Matney was subsequently sentenced to serve twenty-five years in Count I, and twenty-five years in Count II, with said sentences to run consecutively, provided that when he has served fifteen years in Count II, he shall be released and placed on five years of post-release supervision.  Matney was ordered to pay restitution in the amount of $200, courts costs in the amount of

$421.50, and a fine of $1,000.

¶3.     Matney filed a PCCR motion, and later filed a supplement to his motion. The motion was subsequently "denied and dismissed" by the circuit court. Matney now appeals and argues he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶4.     We review a circuit court's denial or dismissal of a PCCR motion for abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015). However, questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶5.     To prove ineffective assistance of counsel, Matney must show: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To overcome this presumption, Matney "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶6.     Matney asserts he was shown a plea petition that "informed [him] that Counts I and II would be run together" and "that he would be given a 25 year sentence." Because he "agreed that this was an acceptable plea offer," Matney signed the petition. Matney now claims that the "plea agreement was breached" and that his "counsel was ineffective in failing to inform [him] that the sentence he read and signed for 25 years changed to 40

years." Matney further claims that "he would not have entered a plea of guilty had he been properly advised that he would receive a 40 year prison term." However, the record clearly shows Matney was advised of the minimum and maximum sentences and understood that he could receive a sentence up to the maximum authorized by law.

¶7. The plea petition, which was read and signed by Matney, advised that his plea was an "open plea" and that if he pled guilty, he could be sentenced to a minimum of three years or a maximum of twenty-five years on each count. The plea petition further advised that "any sentence [he] receive[d] [wa]s up to the [c]ourt," and "that the [c]ourt [wa]s not required to carry out any understanding made by [Matney] and [his] attorney with the [d]istrict [a]ttorney."

¶8. Additionally, the plea-hearing transcript shows Matney was advised of the minimum and maximum sentences and understood that the circuit court would impose the sentence. Specifically, during the plea hearing, the following exchange occurred:

> COURT: Mr. Matney, I'm now advised by [defense counsel] by the petition that you filed that you now wish to enter open pleas in Cause Number 27002 to burglary of a dwelling house in Counts I and II, an open plea, but not as a habitual offender.
>
> . . . .
>
> COURT: You finished eight years of school and you're able to read and write; is that correct?
>
> MATNEY: Yes, sir.
>
> . . . .
>
> COURT: Did you read and sign your petition to enter a plea of guilty?

3

MATNEY:     Yes, sir.

COURT:      Do you understand everything in the petition?

MATNEY:     Yes, sir.

COURT:      Is everything in this petition true and correct?

MATNEY:     Yes, sir.

. . . .

COURT:      Do you understand the minimum and maximum punishment[s] that could be imposed for each of the crimes that you're offering to plead guilty to?

MATNEY:     Yes, sir.

COURT:      The minimum period of incarceration is three years. The maximum period of incarceration is 25 years . . . .

COURT:      So if I were to impose these sentences to run consecutively, you'd be looking at a minimum period of incarceration of six years, a maximum period of incarceration of 50 years . . . . Do you understand that?

MATNEY:     Yes, sir.

. . . .

COURT:      Do you understand that this is an open plea which means that I will order a presentence[-]investigation report, I'll hear — we'll come back into court and we'll go over that report, I'll hear anything you have to say[;] I'll hear whatever the State has to say and then I'll impose a sentence that I believe is appropriate up to the maximum authorized by law[,] which in this case would be 50 years. Do you understand that?

MATNEY:     Yes, sir.

COURT:      And knowing that do you still wish to go forward with your plea?

4

MATNEY:    Yes, sir.

. . . .

COURT:    Do you have any questions about your rights or any questions about the crimes that you're offering to plead guilty to?

MATNEY:    No, sir.

COURT:    Because the bottom line is, it's not too late at this point to skip this hearing and proceed to trial, but it will be once I accept your pleas of guilty. So before I do that I need to make sure this is what you want to do. Do you want to plead guilty?

MATNEY:    Yes, sir.

COURT:    Any questions about that?

MATNEY:    No, sir.

¶9.    The record shows Matney was advised of and understood the nature of the charges against him, the minimum and maximum sentences for each charge, and the consequences of pleading guilty. Moreover, Matney was advised that his pleas were "open plea[s]" and that the circuit court would impose an appropriate sentence "up to . . . 50 years." Matney voluntarily entered his guilty pleas with the knowledge and understanding of the same. Thus, Matney's argument that he was not properly advised of a possible forty-year sentence fails.

¶10.    Additionally, Matney claims his counsel was ineffective "for not objecting to the [circuit] court's sentence." However, the record shows Matney was advised and understood that his sentence was up to the circuit court. Moreover, the sentence imposed by the circuit court was within the statutory parameters. Simply because Matney does not agree with the sentence does not mean his counsel was ineffective, nor does it warrant PCCR.

5

CONCLUSION

¶11.    Matney has failed to show that his counsel's performance was deficient, and that the alleged deficiency prejudiced his defense.  Additionally, Matney has failed to show that, but for counsel's errors, the result of the proceeding would have been different.  Accordingly, Matney's claim of ineffective assistance of counsel fails.  We therefore affirm the circuit court's judgment, which "denied and dismissed" Matney's PCCR motion.

¶12.    **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**