# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00712-COA

**JUAREZ KEYES A/K/A JUAREZ KEYS A/K/A**         **APPELLANT**
**JUAREZ L. KEYES**

**v.**

**STATE OF MISSISSIPPI**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/08/2017 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JUAREZ KEYES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 01/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, C.J., FOR THE COURT:**

¶1. Juarez Keyes appeals the circuit court's denial of his motion for post-conviction collateral relief (PCCR). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On September 30, 1983, Keyes pleaded guilty to multiple charges, including rape. During the plea hearing, Keyes admitted that he was guilty of each charge. On the rape charge, Keyes was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015) to serve thirty-seven years in the custody of the Mississippi Department of Corrections.

¶3. On April 25, 2016, Keyes filed a motion for PCCR. The circuit court subsequently denied the motion. In its order denying the motion for PCCR, the circuit court noted that Keyes had previously filed three motions for PCCR, all of which were denied, and found that his current motion for PCCR was procedurally barred and without merit. Keyes now appeals and argues: (1) he was denied his right to confront his accuser, (2) no DNA evidence was ever produced, and (3) the circuit court is withholding records from him.

## STANDARD OF REVIEW

¶4. We review a circuit court's denial or dismissal of a PCCR motion for abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015). "However, questions of law are reviewed de novo." *Id.*

## ANALYSIS

¶5. Before we may address the merits of Keyes's motion for PCCR, we must first determine whether his motion is procedurally barred.

¶6. Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), in case of a guilty plea, a motion for PCCR must be filed "within three (3) years after entry of the judgment of conviction." Keyes's judgment of conviction was entered September 30, 1983. Keyes's motion for PCCR was filed April 25, 2016, well beyond the three year deadline. Thus, his motion for PCCR is time-barred.

¶7. Additionally, under Mississippi Code Annotated section 99-39-23(6) (Rev. 2015), an order denying a motion for PCCR is considered a final judgment and "a bar to a second or

successive motion." As the record reflects, Keyes has previously filed multiple motions for PCCR, all of which were denied. *Keyes v. State*, 549 So. 2d 949 (Miss. 1989); *Keyes v. State*, 918 So. 2d 76 (Miss. Ct. App. 2005); Order, *Keyes v. State*, Hinds County Circuit Court Civil Action No. 25CI1:13-cv-00796 (October 9, 2013). Thus, Keyes's present motion for PCCR is barred as a successive writ.

¶8.     Pursuant to Sections 99-39-5(2)(a)-(b) and 99-39-23(6), there are several statutory exceptions to the time and successive-writ bars. To be exempt from the time or successive-writ bar, Keyes must show that he has met at least one of the statutory exceptions. *See Campbell v. State*, 233 So. 3d 904, 906 (¶5) (Miss. Ct. App. 2017) ("When a time-barred PC[C]R motion is filed, the burden falls on the movant to show he has met a statutory exception."); *see also Dobbs v. State*, 18 So. 3d 295, 298 (¶10) (Miss. Ct. App. 2009) ("[The movant] bears the burden of proving that he satisfied at least one of the exceptions to the successive-writ bar."). Additionally, the time-bar may be waived when a fundamental constitutional right is implicated. *Dobbs*, 18 So. 3d at 299 (¶13).

¶9.     Here, Keyes does not assert or claim to meet any of the statutory exceptions, nor does he show that a fundamental constitutional right was violated. As a result, Keyes's motion for PCCR is procedurally barred. Notwithstanding the procedural bar, we find Keyes's motion for PCCR is without merit.

¶10.    Keyes first argues he "was denied his right to confront his accuser." Yet, Keyes's constitutional right to confront his accuser was waived by his valid guilty plea. *Myers v.*

*State*, 767 So. 2d 1058, 1060 (¶5) (Miss. Ct. App. 2000). Indeed, the plea-hearing transcript shows that Keyes was advised of and understood the consequences of his guilty plea, including the waiver of certain constitutional rights. Thus, this issue is without merit.

¶11. Keyes next argues no "rape-kit or DNA evidence linking him to [the] alleged rape . . . was ever produced." Importantly, Keyes does not assert that biological or DNA evidence exists that would demonstrate by reasonable probability that he would not have been convicted. Instead, he simply asserts such evidence was never produced by the State. "While DNA evidence certainly supports a conviction, it is not absolutely necessary . . . ." *Fountain v. State*, 85 So. 3d 913, 925 (¶43) (Miss. Ct. App. 2012).

¶12. The plea-hearing transcript shows that Keyes admitted to the rape charge. Specifically, the transcript shows that Keyes, armed with what appeared to be a pistol, "told [the female victim] to take her clothes off" and "lay on the ground." According to Keyes, he then "penetrated her twice" after taking her ring and money. The record reflects that sufficient facts and evidence were presented to support Keyes's guilty plea, despite the lack of DNA evidence. Accordingly, this issue lacks merit.

¶13. Keyes last argues the circuit court "is attempting to coverup [its] illegal acts by intentionally withholding records and other documents pertaining to th[e] cause of rape." Keyes fails to identify what records and/or documents he believes were intentionally withheld by the circuit court. Instead, in support of his argument, Keyes cites *Brady v. Maryland*, 373 U.S. 83 (1963).

4

¶14. In *Brady*, the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. Thus, pursuant to *Brady*, suppression of material evidence by the prosecution, not the circuit court, violates due process.

¶15. Here, there is no evidence of a *Brady* violation by the State. Because Keyes fails to show that the State suppressed material evidence, his claim regarding an alleged *Brady* violation fails.

CONCLUSION

¶16. We find Keyes's motion for PCCR is procedurally barred and without merit. As a result, the circuit court properly denied the motion. We therefore affirm.

¶17. **AFFIRMED.**

**BARNES AND CARLTON, P.JJ., WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**