C. WILSON, J., FOR THE COURT:
 

 ¶1. Stephen Montalto appeals the circuit court's dismissal of his motion for post-conviction relief (PCR). We find the circuit court erred in finding that it lacked jurisdiction, so we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. After pleading guilty to aggravated assault and kidnapping charges in 2008, Montalto was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) followed by five years of supervised probation. The kidnapping offense involved a young child, so he was also ordered to register as a sex offender.
 

 ¶3. Because Montalto pled guilty, he did not directly appeal his conviction and sentence. Montalto later filed two PCR motions, which the circuit court dismissed.
 
 Montalto v. State
 
 ,
 
 119 So.3d 1087
 
 , 1089 (¶1) (Miss. Ct. App. 2013). Montalto appealed both dismissals, asserting (1) that his due-process rights were violated and (2) that he received ineffective assistance of counsel.
 

 Id.
 

 at 1092-93
 
 (¶9). This Court found Montalto's claims lacked merit and affirmed the circuit court's dismissals.
 

 Id.
 

 at 1097
 
 (¶26).
 

 ¶4. The record indicates that while incarcerated, Montalto served in several jobs as a "trusty" and took advantage of self-improvement opportunities offered by MDOC, such that MDOC allowed him to earn credit toward his twenty-year sentence. On December 20, 2014, MDOC released Montalto from incarceration and placed him on earned-release supervision (ERS).
 
 [1]
 
 As part of this process, Montalto
 registered as a sex offender as previously ordered by the sentencing court.
 

 ¶5. Approximately three weeks after Montalto's release, a field officer filed a Rule Violation Report (RVR) with MDOC asserting Montalto's residence did not meet the sex offender registration requirements. Following an administrative hearing on the RVR, MDOC revoked Montalto's ERS for failure to abide by ERS conditions. Montalto was reclassified and returned to prison.
 

 ¶6. Montalto appealed the ERS revocation through MDOC's administrative remedy program (ARP). On March 17, 2015, MDOC noted that Montalto's "[f]ailure to complete the conditions of ERS ha[d] been investigated" and concluded that because his kidnapping conviction was statutorily classified as a sex offense, he had actually never been eligible for ERS.
 
 [2]
 
 As a result, MDOC denied Montalto's appeal and request for ERS reinstatement.
 

 ¶7. In April 2015, Montalto filed a writ of habeas corpus in federal court and claimed his revocation and reclassification were unlawful. The federal court dismissed the writ due to Montalto's failure to exhaust his state court remedies.
 
 Montalto v. Miss. Dep't of Corrections
 
 , No. 3:15-CV-00457-CWR-FKB,
 
 2017 WL 4340273
 
 , at *9 (S.D. Miss. Sept. 29, 2017).
 

 ¶8. In December 2017, Montalto filed an application for leave with the supreme court in an effort to proceed with a third motion for PCR in circuit court based on MDOC's administrative actions. Prior to receiving an order from the supreme court, Montalto filed a motion for PCR in the Rankin County Circuit Court, asserting (1) unlawful revocation of ERS, (2) unlawful revocation of earned time, and (3) unilateral changing of his charge.
 

 ¶9. On April 27, 2018, the circuit court found it lacked jurisdiction pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015) and dismissed Montalto's third motion for PCR. Specifically, the circuit court found that Montalto's "conviction and sentence [were] affirmed by the Mississippi Court of Appeals" and that Montalto had "failed to obtain the necessary order from the Mississippi Supreme Court allowing him to file a motion for post-conviction relief."
 

 ¶10. A few days later, the supreme court found Montalto's application for leave was not properly before it, noting "Montalto was convicted by way of a guilty plea and there has never been a direct appeal of his conviction and sentence." The supreme court dismissed the application "without prejudice to be filed in the [circuit] court."
 

 ¶11. Montalto now appeals the circuit court's dismissal of his third motion for PCR, asserting the circuit court "erred in finding it lacked jurisdiction and dismissing [his motion for PCR that] he had filed contesting his ... ERS revocation."
 

 STANDARD OF REVIEW
 

 ¶12. We review a circuit court's findings of fact regarding denial or dismissal of a PCR motion for abuse of discretion.
 
 Wallace v. State
 
 ,
 
 180 So.3d 767
 
 , 769 (¶7) (Miss. Ct. App. 2015). Questions of law are reviewed de novo.
 

 Id.
 

 ANALYSIS
 

 ¶13. The circuit court dismissed Montalto's motion for PCR for lack of jurisdiction pursuant to section 99-39-7. Section 99-39-7 provides:
 

 The motion under this article
 
 shall
 
 be filed as an original civil action in the
 
 trial court
 
 ,
 
 except
 
 in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed.
 
 Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed
 
 , the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the Supreme Court for leave to file a motion under this article shall be as provided in Section 99-39-27.
 

 (Emphasis added). As the supreme court pointed out in its order on Montalto's application for leave, albeit after the circuit court dismissed Montalto's PCR motion, "Montalto was convicted by way of a guilty plea and there has never been a direct appeal of his conviction and sentence."
 

 ¶14. Given that Montalto never directly appealed his conviction and sentence, he was not required to seek leave from the supreme court before filing his PCR motion. The circuit court thus erred in dismissing Montalto's PCR motion for lack of jurisdiction pursuant to section 99-39-7. The circuit court has exclusive original jurisdiction to consider the merits of Montalto's PCR motion.
 
 See
 

 Graham v. State
 
 ,
 
 85 So.3d 847
 
 , 850-51 (¶¶5-6) (Miss. 2012). Accordingly, we reverse and remand to the circuit court for further proceedings consistent with this opinion.
 

 ¶15.
 
 REVERSED AND REMANDED.
 

 BARNES, C.J., CARLTON AN D J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD AND LAWRENCE, JJ., CONCUR. McCARTY, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.
 

 ERS is different than post-release supervision.
 
 Sobrado v. State
 
 ,
 
 168 So.3d 1114
 
 , 1119 (¶16) (Miss. Ct. App. 2014). ERS "is operated exclusively by the MDOC, with no involvement by circuit courts."
 

 Id.
 

 at 1118
 
 (¶15). While violations of post-release supervision conditions are reported to the circuit court, "[v]iolations of ERS conditions are only reported to the MDOC."
 

 Id.
 

 at 1118-19
 
 (¶¶15-16) (citing
 
 Miss. Code Ann. § 47-7-27
 
 (3) (Supp. 2013)). After an ERS violation is reported to MDOC, an MDOC hearing officer will conduct an administrative revocation hearing. Administrative revocation hearing decisions must be appealed through MDOC's administrative remedy program.
 
 Miss. Code Ann. § 47-5-138
 
 (6).
 

 Mississippi Code Annotated section 47-5-139(1)(d) (Rev. 2015) provides that a person convicted of a sex crime is ineligible for earned-time allowance. Kidnapping is a sex offense when, as here, the victim is under the age of eighteen.
 
 Miss. Code Ann. § 45-33-23
 
 (h)(i) (Rev. 2015). Upon investigation, MDOC learned that it had miscoded Montalto's kidnapping offense without the sex offender identifier and that its initial placement of Montalto on ERS was erroneous because Montalto was ineligible for release.