# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00206-COA

**THOMAS BAIN A/K/A THOMAS ANTHONY BAIN**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/12/2023 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS BAIN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 03/19/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Thomas Bain filed a motion for post-conviction collateral relief (PCR) challenging the revocation of his period of post-release supervision. The Rankin County Circuit Court dismissed Bain's PCR motion for lack of jurisdiction, finding that Bain failed to obtain permission from the Mississippi Supreme Court before filing his motion. After a review of the record, we find that Bain did not need to obtain permission from the Supreme Court to file his PCR motion. Thus, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     On November 18, 2013, Thomas Bain pled guilty to two counts of uttering a forgery in Cause Number 25,343 in the Rankin County Circuit Court. He was adjudicated guilty and

sentenced to two concurrent ten year terms in the custody of the Mississippi Department of Corrections (MDOC), with four years to serve and six years suspended, conditioned on his good behavior and his completion of five years of post-release supervision (PRS).

¶3.     Bain was released and placed on PRS on July 9, 2016. While on PRS, he was arrested for possession of methamphetamine and evasion on August 30, 2020. Bain's field supervisor filed a petition to partially revoke his PRS on September 2, 2021. A revocation hearing was held on September 20, 2021.[1] The court granted the petition on September 21, 2021, and remanded him to the custody of MDOC to serve a reinstated portion of the sentence (four years).

¶4.     On November 15, 2021, Bain pled guilty to the possession and evasion charges in Cause Number 31,524 in the Rankin County Circuit Court. On November 23, 2021, the court entered a judgment adjudicating him guilty and sentenced him to serve three years in custody for the possession of methamphetamine and five years in custody for the evasion. These sentences were ordered to run concurrently with each other (i.e., five years to serve) and consecutively to his reinstated sentence. On March 22, 2022, Bain filed a notice of appeal from this judgment. The Supreme Court dismissed his appeal for failure to pay costs on November 10, 2022.

¶5.     On November 17, 2022, Bain filed a PCR motion in the circuit court claiming that his PRS was unlawfully revoked because the petition was filed after his PRS period expired.

[1] The record also reveals that a revocation hearing was held on November 2, 2020, and the court ordered that Bain "serve 21 days [in] MDOC (time served) and return to PRS." The record is silent on what prompted this revocation hearing, but based on the order, it appears that Bain committed a technical violation.

2

The circuit court denied his motion on January 12, 2023, finding that the court no longer had jurisdiction because he had filed a notice of appeal, and after the appeal was dismissed, he failed to request leave from the Supreme Court to proceed with his PCR motion.

¶6. On February 10, 2023, Bain appealed from the order dismissing his PCR motion.

## STANDARD OF REVIEW

¶7. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)).

## DISCUSSION

¶8. The circuit court dismissed Bain's PCR motion for lack of jurisdiction and noted that Bain was required to obtain leave pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2020). Section 99-39-7 provides, in pertinent part, that a PCR motion

> shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7. "When a case is affirmed on *direct appeal*, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the

circuit court." *Doss v. State*, 126 So. 3d 1026, 1028 (¶6) (Miss. Ct. App. 2013) (emphasis added) (quoting *Campbell v. State*, 75 So. 3d 1160, 1161-62 (¶7) (Miss. Ct. App. 2011)). Because Bain pled guilty and could not pursue a direct appeal, Miss. Code Ann. § 99-35-101 (Rev. 2020), he did not need permission from the Supreme Court to file his PCR motion. *See Montalto v. State*, 272 So. 3d 132, 135 (¶14) (Miss. Ct. App. 2019).

¶9.     The record reflects that the following events took place before Bain's appeal from the dismissal of his PCR motion:

> - July 9, 2016: Bain was released on probation.
>
> - August 30, 2020: Bain was arrested for Possession of Methamphetamine and Evasion.
>
> - July 8, 2021: Bain's "End Date" as reflected in his Inmate Time Sheet.
>
> - September 2, 2021: Revocation petition filed in Cause Number 25,343.
>
> - September 21, 2021: Order of partial revocation entered in Cause Number 25,343.
>
> - September 30, 2021: Bain filed a motion for reconsideration in Cause Number 25,343.
>
> - November 15, 2021: Bain pled guilty for Possession of Methamphetamine and Evasion in Cause Number 31,524.
>
> - March 22, 2022: Bain filed a notice of appeal in Cause Number 31,524.
>
> - November 10, 2022: The Supreme Court dismissed Bain's appeal in Cause Number 31,524 for failure to pay costs.
>
> - November 17, 2022: Bain filed a PCR motion in Cause Number 25,343.
>
> - January 12, 2023: The circuit court dismissed Bain's PCR motion for lack of jurisdiction.

¶10.    It is clear from the record that the circuit court erroneously attributed Bain's notice of appeal in Cause Number 31,524 to Cause Number 25,343.[2]  Bain filed a PCR motion in Cause Number 25,343.  "[T]he exclusive, original jurisdiction to determine the merits of [Bain's] post-conviction-relief petition remained with the circuit court." *Graham v. State*, 85 So. 3d 847, 850 (¶6) (Miss. 2012).  Thus, the circuit court should not have dismissed his motion on jurisdictional grounds.  Additionally, Bain did not need to request leave from the Supreme Court to proceed with his PCR motion since no direct appeal in Cause Number 25,343 occurred.  Accordingly, we reverse the order dismissing the PCR motion and remand this case to the Rankin County Circuit Court for further proceedings consistent with this opinion.

¶11.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[2] The State concedes that "the circuit court's denial of Bain's petition was on erroneous jurisdictional grounds."