# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01063-COA

**DARRELL JENKINS A/K/A DARRELL O. JENKINS A/K/A DARRELL OWENS JENKINS**                                      APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2015 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DARRELL JENKINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 09/27/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     On his second day of trial, Darrell Jenkins entered an *Alford*[1] plea to sexual battery on a child victim.  The Greene County Circuit Court sentenced him to twenty-five years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, ten years suspended, and five years' post-release supervision.

¶2.     Jenkins later filed a motion for post-conviction relief (PCR), raising the following issues: (1) his counsel was ineffective; and (2) there was no factual basis for his guilty plea.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

The trial court found that no evidentiary hearing was necessary and denied Jenkins's motion. Jenkins appealed. Finding no error, we affirm.

**DISCUSSION**

¶3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶4. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

### 1. Ineffective Assistance of Counsel

¶5. Jenkins claims his counsel was ineffective (1) for failing to give the State notice of his intent to impeach the victim with her alleged false statements; and (2) for failing to move to suppress Jenkins's confession.

¶6. To prove his counsel was ineffective, Jenkins must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's

2

performance must be highly deferential." *Id*. at 689. A strong but rebuttable presumption exists that counsel's performance was effective. *Gilley v. State*, 748 So. 2d 123, 129 (¶20) (Miss. 1999). "To overcome this presumption, 'the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). Moreover, "the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations" of ineffective assistance; the petitioner's bare assertions are insufficient. *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009).

¶7.     Jenkins has failed to provide any evidence showing that his counsel's performance was deficient. The choice of whether or not to file certain motions is part of trial strategy and does not give rise to an ineffective assistance of counsel claim. *Jackson v. State*, 815 So. 2d 1196, 1200 (¶8) (Miss. 2002) (quoting *Cole v. State,* 666 So. 2d 767, 777 (Miss. 1995)). Further, the court asked Jenkins, directly and in his plea petition, if he was satisfied with his attorney's services. He responded affirmatively. Jenkins also stated that his attorney acted and advised him in his best interest. Therefore, we find this issue is without merit.

**2.     Guilty Plea**

¶8.     Jenkins next claims that the trial court erred in finding a factual basis for his guilty plea based on the State's proof presented during the plea colloquy. A factual basis is an essential part of the constitutionally valid and enforceable decision to plead guilty. *Walton*

3

*v. State*, 165 So. 3d 516, 528 (¶46) (Miss. Ct. App. 2015) (quoting *Austin v. State*, 734 So. 2d 234, 236 (¶7) (Miss. Ct. App. 1999)). There are many ways to establish a factual basis, including "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013) (quoting *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003) (citing *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991))). All of these were present when the court accepted Jenkins's guilty plea.

¶9. On the second day of trial, the victim had testified to the events surrounding the sexual battery and identified Jenkins as the perpetrator. The jury also had heard Jenkins's taped confession. After the noon recess, Jenkins, through counsel, terminated the proceedings, offering a plea of guilty. During the ensuing plea colloquy, the State said it was ready to continue with the following evidence: statements made to medical personnel by the victim, the victim's statement identifying Jenkins as the perpetrator, and the sexual-assault kit (albeit insufficient to match Jenkins's DNA profile). We find this evidence sufficient to establish a factual basis.

¶10. Furthermore, this Court has held that "[a] defendant can establish a factual basis for a guilty plea simply by pleading guilty; however, the guilty plea must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." *Porter v. State*, 126 So. 3d 68, 72 (¶14) (Miss. Ct. App. 2013) (quoting *Hannah v. State*, 943 So. 2d 20, 27 (¶16) (Miss. 2006)). Jenkins testified at the hearing that he had read the indictment

4

charging him with sexual battery. The court explained the nature of the offense in detail:

> THE COURT: The nature of this particular offense, you have been charged by this indictment that you did on or about January 2nd, January 3rd 2007, unlawfully engage in sexual penetration with a minor child . . . who was at the time under the age of 14 at a time when you were more than 24 months older than [the victim], and you did so by sexual penetration, essentially sexual intercourse. Is that the crime you're here to plead guilty to?
>
> JENKINS: Yes, sir.

¶11.   Because a factual basis was clearly established, this issue is also without merit.

## CONCLUSION

¶12.   We find no merit to Jenkins's claim of ineffective assistance of counsel. We further find that there was a factual basis for Jenkins's guilty plea. Thus, we affirm the trial court's denial of Jenkins's PCR motion.

¶13. **THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**