# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00673-COA

**BOBBY PEGUES**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2016 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY PEGUES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 04/04/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., FAIR AND WILSON, JJ.

### FAIR, J., FOR THE COURT:

¶1.     In April 2015, Bobby Pegues pled guilty to two counts of sale of a controlled substance.  He was sentenced to eight years on each count, to be served consecutively, with one year suspended from the second sentence.  Pegues subsequently filed a motion for post-conviction relief alleging, among other things, that his indictment was defective because it failed to conclude with the words "against the peace and dignity of the state."  But Pegues's indictment does, in fact, conclude with those words, so the circuit court dismissed the PCR motion without an evidentiary hearing.  On appeal, we find no error and affirm.

**STANDARD OF REVIEW**

¶2.     The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3.     Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

**DISCUSSION**

**1.      Indictment – Constitutional Requirements**

¶4.     Pegues contends that his indictment violates Article 6, Section 169 of the Mississippi Constitution, which provides in relevant part that "all indictments shall conclude 'against the peace and dignity of the state.'" Our courts have enforced this constitutional requirement, even though it has been called "idle and meaningless." *See McNeal v. State*, 658 So. 2d 1345, 1349 (Miss. 1995) (quoting *Love v. State*, 8 So. 465, 465 (Miss. 1891)).

¶5.     While the concluding statement is, in fact, required, it is a matter of the form of the indictment. Such claims must be raised as a demurrer to the indictment and are waived by a valid guilty plea. *Brandau v. State*, 662 So. 2d 1051, 1054-55 (Miss. 1995); *see also* Miss. Code Ann. § 99-7-21 (Rev. 2015). As Pegues did not object to his indictment prior to

2

pleading guilty, this claim has been waived.

¶6. Notwithstanding the procedural bar, Pegues's contention is plainly without merit. Each of the three counts of his indictment[1] ends with the words "against the peace and dignity of the State of Mississippi." While the redundancy is unnecessary, all counts of the indictment meet constitutional muster so long as the indictment concludes with the magic words, which this one does. *See Switzer v. State*, 828 So. 2d 1277, 1279 (¶6) (Miss. Ct. App. 2002); *see also Starling v. State*, 90 Miss. 255, 266-67, 43 So. 952, 953 (1907).

¶7. This issue is without merit.

### 2. Indictment – Essential Elements

¶8. Pegues also claims that his indictment is defective because it fails to allege an essential element of the offenses – the name of the officer who arrested him. While we acknowledge that the failure to allege an essential element of the offense would not be procedurally barred, the name of the arresting officer is not an essential element of the offense of sale of a controlled substance. *See* Miss. Code Ann. § 41-29-139(a)(1) (Supp. 2016); *Jenkins v. State*, 308 So. 2d 95, 96 (Miss. 1975).

### 3. Voluntariness of Guilty Plea

¶9. Pegues contends that his guilty plea was involuntary because the trial court allowed him to plead guilty to a defective indictment. We have already rejected Pegues's arguments that his indictment was defective. Consequently we can find no merit to this issue.

---

[1] Pegues pled guilty to Counts I and III.

3

### 4.     Factual Basis

¶10.    Pegues also argues, in a cursory fashion, that the trial court lacked a factual basis to accept his guilty plea. This contention was not raised in Pegues's pleadings in the circuit court and is made for the first time on appeal. It is procedurally barred as a result. *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988).

### 5.     Ineffective Assistance of Counsel

¶11.    Pegues next contends that he received constitutionally ineffective assistance of counsel. This claim is largely based on his arguments regarding the sufficiency of his indictment, which we have previously found to be without merit. Pegues also claims that counsel failed to properly investigate his case and failed to recognize his defenses and factual innocence to the charges. On this point, Pegues's contentions are supported only by his own assertions. A defendant's assertions, standing alone, are insufficient to prove ineffective assistance of counsel. *See, e.g., Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009).

### 6.     Weight of the Evidence

¶12.    We next address Pegues's contention that his conviction was against the overwhelming weight of the evidence. Pegues contends that he had a valid prescription for the drugs, that he did not receive any money for them, and that he was heavily sedated at the time of the transfer. He also makes claims about the insufficiency of video and audio recordings to support the allegations against him.

4

¶13. This claim was waived by Pegues's guilty plea. "A valid guilty plea waives the right to challenge the sufficiency of the State's evidence." *Belton v. State*, 138 So. 3d 237, 239 (¶9) (Miss. Ct. App. 2014) (citation omitted).

### 7. Newly Discovered Evidence

¶14. Finally, Pegues briefly argues that there is newly discovered evidence he has "obtained from Peer State," specifically that the officer who arrested him "was fired from [the] narcotics department for engaging in unlawful[] acts . . . [and because of] allegations . . . he was bringing up false charges on people." Pegues offers but his own assertions in support of this contention, and he also fails to explain how the officer's alleged misconduct in other cases would have caused a different result in his own case. We find that Pegues has not shown he is entitled to any relief on this issue.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**