# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00747-COA

**JERRI COLLINS A/K/A JERRI T. COLLINS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                         APPELLEE

DATE OF JUDGMENT:            04/07/2017
TRIAL JUDGE:                HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:  CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     JERRI COLLINS (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: ALICIA M. AINSWORTH
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                AFFIRMED: 07/24/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Jerri Collins appeals the circuit court's dismissal of his motion for post-conviction collateral relief (PCCR). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Collins was indicted on Count 1, aggravated assault, and Count 2, armed robbery. He subsequently pleaded guilty to Count 1, aggravated assault, and was sentenced to twenty years, with ten years suspended, leaving ten years to serve in the custody of the Mississippi Department of Corrections, followed by five years of post-release supervision. Collins was ordered to pay a $500 fine and all court costs. As a result of Collins's plea to Count 1, Count 2 was "retired to the files."

¶3. Collins filed a motion for PCCR, which the circuit court dismissed. He now appeals and argues: (1) his motion for PCCR is not time-barred, (2) the circuit court did not have a factual basis for the plea, (3) the indictment was insufficient and defective, (4) his sentence is illegal, and (5) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶4. We review a circuit court's denial or dismissal of a PCCR motion for abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015). "However, questions of law are reviewed de novo." *Id.*

## ANALYSIS

### I. Time-Bar

¶5. Collins first argues his motion for PCCR is not time-barred.[1] We agree. Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), in the case of a guilty plea, a motion for PCCR shall be filed "within three (3) years after entry of the judgment of conviction."

¶6. Here, Collins pleaded guilty on October 6, 2015. He subsequently filed his motion for PCCR on October 14, 2016, well within the three-year time period set forth in section 99-39-5(2). Accordingly, Collins's motion for PCCR was timely filed.

### II. Factual Basis for the Plea

¶7. Collins next argues the circuit court failed to fulfill the requirements of Uniform Rule

---

[1] The circuit court did not find that Collins's motion for PCCR was time-barred. Additionally, the State concedes Collins's motion was timely filed. Nevertheless, we address the issue as asserted by Collins.

of Circuit and County Court 8.04(A)(3) since it did not ascertain a factual basis to accept his guilty plea. Pursuant to Rule 8.04(A)(3),[2] "[b]efore a [circuit] court may accept a plea of guilty, the court must determine that the plea is voluntary and intelligently made and that there is a factual basis for the plea."

¶8. "A guilty plea is voluntarily and intelligently made if the circuit court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Britain v. State*, 229 So. 3d 211, 213 (¶9) (Miss. Ct. App. 2017) (internal quotation marks omitted). Here, the plea-hearing transcript shows that Collins was advised of and understood his constitutional rights, the nature of the charge against him, and the consequences of his guilty plea. Thus, Collins's guilty plea was voluntarily and intelligently made.

¶9. Additionally, the plea-hearing transcript shows there was a factual basis for the plea. The State explained that Collins, along with three other young men, slipped through the gate at the Point Place Apartments and hid behind a car in the parking lot. When the victim got out of his car, the four young men "rushed" him and demanded that he give them whatever he had. As the victim reached for his belongings, Collins shot the victim in the chest with a .25 caliber pistol. Two of the young men with Collins identified Collins as the shooter. Collins subsequently gave a statement regarding his involvement in the incident and was forthcoming with law enforcement. All four men watched the surveillance video and identified themselves in the video.

---

[2] The Mississippi Rules of Criminal Procedure became effective July 1, 2017, after the entry of Collins's guilty plea.

¶10. Collins agreed with the State's recitation of the facts and advised the circuit court that he was pleading guilty because he was in fact guilty. The circuit court specifically found that Collins's guilty plea was "freely, voluntarily, knowingly, and intelligently entered" and that there was "a factual basis to support the charge against [him]." We agree and find the circuit court's acceptance of Collins's guilty plea was proper and supported by the record. Thus, this issue is without merit.

### III. Sufficiency of the Indictment

¶11. Collins further argues his indictment is insufficient and defective. The indictment charged Collins as follows:

> Count 1
> Jerri T. Collins . . . on or about the 21st day of December, 2014 . . . did unlawfully, willfully, and feloniously, purposely and knowingly cause bodily injury to Zerrick Leavy, a human being, with a deadly weapon, to-wit: a firearm, by shooting the said Zerrick Leavy in the chest with said firearm; without authority of law and not in necessary self defense, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi;
>
> Count 2
> Jerri T. Collins . . . on or about the 21st day of December, 2014 . . . did unlawfully, willfully, and feloniously, take, steal, and carry away or attempt to take, steal, and carry away from the person or presence of Zerrick Leavy, the personal property of Zerrick Leavy, to-wit: money, against the will of the said Zerrick Leavy and without his consent by putting the said Zerrick Leavy in fear of immediate injury to his person by the exhibition of a deadly weapon, to-wit: a pistol, in violation of 97-3-79; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi.

¶12. Collins first asserts the indictment is insufficient "since Count 2 . . . came after the phrase 'against the peace and dignity of the State.'" Collins claims that because Count 1

4

concluded with the phrase "against the peace and dignity of the State of Mississippi," he "cannot be legally charged with Count 2."

¶13. Article 6, Section 169 of the Mississippi Constitution provides, in relevant part, that "all indictments shall conclude 'against the peace and dignity of the state.'" "While the concluding statement is, in fact, required, it is a matter of the form of the indictment." *Pegues v. State*, 214 So. 3d 1080, 1082 (¶5) (Miss. Ct. App. 2017). As such, claims regarding the concluding statement "must be raised as a demurrer to the indictment and are waived by a valid guilty plea." *Id.* As there is no indication in the record that Collins objected to his indictment prior to pleading guilty, this claim is waived by his valid guilty plea. *Id.* at 1082-83 (¶5).

¶14. Notwithstanding the procedural bar, we find Collins's claim is meritless. Collins was indicted on two counts, aggravated assault and armed robbery. Both Count 1 and Count 2 conclude with "against the peace and dignity of the State of Mississippi." Simply because Count 1 concludes with such language does not affect or negate the validity of Count 2, as such language is required.

¶15. Collins further asserts the indictment is defective because it fails to allege an essential element of the offense of aggravated assault. Specifically, Collins claims Count 1 of the indictment does not include the word "serious" as a modifier of "bodily injury." The failure to charge an essential element of a criminal offense is not waived by a valid guilty plea. *Id.* at 1083 (¶8); *see also Morgan v. State*, 966 So. 2d 204, 207 (¶14) (Miss. Ct. App. 2007). "However, an indictment for the crime of aggravated assault with a deadly weapon does not

5

require the State to prove serious bodily injury." *Cummings v. State*, 130 So. 3d 129, 132 (¶8) (Miss. Ct. App. 2013).

¶16. Collins was indicted pursuant to Mississippi Code Annotated section 97-3-7(2)(a)(ii) (Rev. 2014) which states, "[a] person is guilty of aggravated assault if he . . . attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . ." The indictment advised Collins that he was charged with aggravated assault pursuant to section 97-3-7 and tracked the language of section 97-3-7(2)(a)(ii). Thus, the indictment contained the essential elements of the offense and sufficiently notified Collins of the charges against him.

¶17. We find the indictment is neither insufficient nor defective. Accordingly, Collins's claim fails.

*IV. Illegal Sentence*

¶18. Collins next argues his sentence is illegal since the indictment is defective. However, for the reasons previously discussed, Collins's indictment is not defective.

¶19. The record shows Collins entered a valid guilty plea to aggravated assault and was sentenced within the statutory guidelines for such charge.[3] Thus, Collins's sentence is not illegal. This issue is without merit.

*V. Ineffective Assistance of Counsel*

¶20. Collins last argues he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Collins must show: (1) his counsel's performance was deficient, and

_____

[3] Mississippi Code Annotated section 97-3-7(2) provides a maximum penalty of twenty years in the custody of the Mississippi Department of Corrections.

(2) this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To overcome this presumption, Collins "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

¶21. Collins claims his trial counsel failed to investigate his case and never explained the State's burden of proof. However, the record clearly contradicts Collins's claim. According to the plea-hearing transcript, Collins advised the circuit court, under oath, that his counsel discussed the plea petition with him and explained it to him. Collins further advised that his counsel discussed the facts of the case with him and explained to him the State's burden of proof.[4] Moreover, Collins advised that he was satisfied with the services of his counsel and that he had no defense to the crime.

¶22. Collins further claims his trial counsel "coached" him into pleading guilty despite an allegedly defective indictment. However, since Collins's indictment is neither insufficient nor defective, his counsel was not deficient in allowing him to plead guilty to the charge set forth in the indictment. Moreover, the plea-hearing transcript clearly shows that Collins's guilty plea was not the result of any threats, promises, rewards, or hopes of leniency.

¶23. Collins's ineffective-assistance-of-counsel claim is supported only by his bare assertions. However, a petitioner's bare assertions are insufficient to prove ineffective assistance of counsel. *Pegues*, 214 So. 3d at 1083 (¶11).

---

[4] The record shows the circuit court also advised Collins of the State's burden of proof.

7

¶24. Overall, Collins has failed to show that his counsel's performance was deficient and that the alleged deficiency prejudiced his defense. Accordingly, Collins's ineffective-assistance-of-counsel claim fails.

CONCLUSION

¶25. We find Collins's motion for PCCR, although timely filed, is without merit. We therefore affirm the judgment of the circuit court.

¶26. **AFFIRMED.**

**LEE, C.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**