# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00453-COA

**LORANZY JENKINS A/K/A LORANZY EUGENE JENKINS A/K/A LORANZY E. JENKINS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LORANZY JENKINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/02/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1. Loranzy Jenkins appeals the circuit court's denial of his motion for post-conviction relief (PCR). In his PCR motion, Jenkins asserted that the indictment against him was fatally defective for failure to include essential elements of the crime of gratification of lust—to which he pleaded guilty. Finding that no essential elements were omitted in the indictment or other reversible error, we affirm the circuit court's denial.

## FACTS AND PROCEDURAL HISTORY

¶2. Jenkins pleaded guilty in the Rankin County Circuit Court to two counts of gratification of lust. The circuit court sentenced Jenkins to fifteen years for each count,

suspended nine years from each count, and imposed five years of post-release supervised probation. The court ordered the sentences to run consecutively.

¶3. Jenkins timely filed a motion for post-conviction relief. He claimed that the indictment was fatally defective, resulting in "an illegal sentence, plain error, and the denial of due process during [his] prosecution and sentencing." He complained in his PCR motion that his indictment did not use the word "feloniously" in either count and that each count did not conclude with the language "against the peace and dignity of the State of Mississippi."

¶4. The circuit court denied Jenkins's PCR motion, stating that "for the reasons argued by the State, the petition is not well taken." From this order, Jenkins now appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017). "Whether an indictment is fatally defective is a question of law that we review de novo." *Bryant v. State*, 238 So. 3d 1213, 1216 (¶7) (Miss. Ct. App. 2018).

## DISCUSSION

¶6. "The chief objective of an indictment is to provide a defendant fair notice of the crime charged." *Id.* at 1216 (¶8). Uniform Rule of Circuit and County Court 7.06[1] provided that

---

[1] The Uniform Rules of Circuit and County Court were replaced by the Mississippi Rules of Criminal Procedure, which were made effective July 1, 2017. Jenkins's indictment and plea preceded this change.

2

an indictment must set forth that "the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." *Bryant*, 238 So. 3d at 1216 (¶8). Specifically, "an indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Id*. (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)). The Mississippi Supreme Court has held that an indictment is legally sufficient "so long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear." *Id.* (quoting *Henderson v. State*, 445 So. 2d 1364, 1368 (Miss. 1984)).

¶7.     We first note that Jenkins pleaded guilty and was represented by counsel during his plea. Generally, a knowing and voluntary guilty plea serves as a waiver to insufficiencies or defects in the indictment. *Jones v. State*, 215 So. 3d 508, 510 (¶7) (Miss. Ct. App. 2017). However, "a guilty plea does not waive an indictment's failure to charge an essential element of the crime." *Id*. Jenkins specifically complains that his indictment (1) failed to use the word "feloniously" and (2) failed to conclude each count with the words "against the peace and dignity of the State," claiming these omissions are essential elements.

**I**.     **The word "feloniously" is not an essential element of the crime.**

¶8.     Jenkins was indicted under and pleaded guilty to section 97-5-23(1) (Rev. 2014), which states:

> Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual

3

desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child's consent . . . shall be guilty of a felony . . . .

In relevant part, Counts I and II of the indictment charged Jenkins with the following allegation:

[F]or the purpose of gratifying his lust or indulging his depraved licentious sexual desires, did willfully, unlawfully, and intentionally handle, touch or rub with his hands or any part of his body, the body of S.P., a minor female child under the age of sixteen (16) years, whose date of birth is June 10, 2000, all within the jurisdiction of this court, in violation of Mississippi Code Annotated Section 97-5-23(1) (1972, as amended) . . . .

¶9. Section 97-5-23(1) does not contain the term "feloniously." With regard to intent, the statute criminalizes the act when done "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires." § 97-5-23(1). Jenkins's indictment tracked the statute's language exactly. It also charged that he committed the act "willfully, unlawfully, and intentionally." "Indictments that track the language of the Mississippi Code are sufficient to provide notice of the crime charged." *Pitts v. State*, 249 So. 3d 472, 475 (¶8) (Miss. Ct. App. 2018) (quoting *Graves v. State*, 216 So. 3d 1152, 1158 (¶12) (Miss. 2016)). Because it tracked the language of the statute, Jenkins's indictment did not omit an essential element of the crime.

¶10. Jenkins further argued that failure to use the word "feloniously" deprived him of notice of whether he was being charged with a felony or a misdemeanor. However, there is no crime of misdemeanor gratification of lust that would require differentiation through the use of the word "feloniously." Further, the record shows that in his plea petition, Jenkins affirmed the following: "My attorney advises me and I understand that the elements of the

4

charge to which I am pleading guilty are as follows: that I did willingly, unlawfully, *feloniously*, knowingly, [t]ouch a minor under the age of sixteen for the purpose of gratifying lust." (Emphasis added).

¶11.    Jenkins's indictment tracked the language of the statute and was not fatally defective for failure to use the word "feloniously." This issue is without merit.

**II.    Jenkins's indictment properly concludes with the phrase "against the peace and dignity of the State."**

¶12.    Jenkins also argues that his indictment was fatally defective for failure to conclude Count I with the language "against the peace and dignity of the State" before Count II.

¶13.    Our Mississippi Constitution of 1890 requires that "all indictments shall conclude 'against the peace and dignity of the state.'" Miss. Const. art. 6, § 169. Jenkins's indictment *does* conclude with the statement: "All of the above, Count I and Count II, being against the peace and dignity of the State of Mississippi." That the phrase concludes the end of the indictment as to both counts rather than after each count is not erroneous. Mississippi case law has long held that the words "against the peace and dignity of the state of Mississippi" are only required to appear at the conclusion of the indictment. *Starling v. State*, 90 Miss. 255, 266-67, 43 So. 952, 953 (1907). Repeating the language throughout the indictment is not required, as "redundancy is unnecessary." *Pegues v State*, 214 So. 3d 1080, 1083 (¶6) (Miss. Ct. App. 2017). "All counts of the indictment meet constitutional muster so long as the indictment concludes with the magic words, which this one does." *Id*. And "[w]hile the concluding statement is, in fact, required, it is a matter of the form of the indictment." *Id*. at (¶5). A valid guilty plea waives such claims. *Id*. Jenkins pleaded guilty and, therefore,

5

has waived this claim.  This issue is without merit.

### III.    The issue raised in Jenkins's reply brief is barred.

¶14.    This Court does "not consider issues raised for the first time in an appellant's reply brief." *Moore v. State*, 250 So. 3d 521, 526 (¶16) (Miss. Ct. App. 2018).  Jenkins raises a new issue in his reply brief, stating his indictment was fatally defective because it omitted the language "with or without consent."  The issue is procedurally barred.  Jenkins also waived the issue when he pleaded guilty.

### CONCLUSION

¶15.    Jenkins's indictment contained all the essential elements of the crime and adequately placed him on notice of the nature of the charges he faced so that he could prepare an adequate defense.  We affirm the circuit court's denial of Jenkins's PCR motion.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**