# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00831-COA

**TERRY W. WILKINS A/K/A TERRY WILKINS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2019 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRY W. WILKINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     The Lafayette County Circuit Court denied the request of Terry Wilkins for postconviction relief (PCR).  Wilkins had asked the circuit court to void his guilty plea because his indictment was allegedly missing required language under our Constitution of 1890 and because he believed his lawyer used "subtle coercion" to convince him to plead guilty.  Finding that the petition is both time-barred and successive-writ barred, we affirm.

### BACKGROUND

¶2.     In 2007, Wilkins was indicted as a habitual offender for burglary of a dwelling.  He pled guilty later that year and received a sentence to serve seventeen and a half years.  A couple of years after that, he filed a PCR petition, arguing that his counsel provided

ineffective assistance, the State could not meet its burden of proof, his guilty plea was not valid, and he was denied due process regarding his sentence. The circuit court denied relief, and we affirmed. *Wilkins v. State*, 57 So. 3d 19, 21 (¶1) (Miss. Ct. App. 2010).

¶3. In 2018, Wilkins filed another PCR petition. First, he argued the habitual-offender portion of his indictment was defective because it came after the phrase "against the peace and dignity of the State." Second, he again argued his counsel was ineffective because "they never explained the State's burden of proof on the charge of burglary of a dwelling" and did not challenge the allegedly defective indictment.

¶4. The circuit court denied the PCR petition as a successive writ, and Wilkins appealed.

## STANDARD OF REVIEW

¶5. "When reviewing a lower court's decision to deny a petition for [PCR], this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008) (quoting *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006)). "However, where questions of law are raised, the applicable standard of review is de novo." *Id.*

## DISCUSSION

¶6. A person who has pled guilty must seek postconviction relief within three years of the entry of the judgment of the conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Wilkins challenges his indictment as defective. "Claims alleging a defective indictment are barred when a motion for post-conviction relief is not filed within the three-year time limitation." *Bates v. State*, 205 So. 3d 1126, 1129 (¶11) (Miss. Ct. App. 2016). Wilkins pled guilty on

July 2, 2007. *Wilkins*, 57 So. 3d at 21 (¶2). Because his petition was filed eleven years after his conviction, it is on its face time-barred.

¶7.    The exceptions to the bar do not salvage the untimeliness of the petition. The statute allows an exception to the time-bar when there is (1) "an intervening decision of the Supreme Court of either the State of Mississippi or the United States"; (2) new evidence "not reasonably discoverable at the time of trial"; (3) expiration of the sentence; or (4) unlawful revocation of probation, parole, or conditional release. Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶8.    As to whether there was an intervening decision, in his own words in his appellate brief, "Petitioner Wilkins relies on *McNeal v. State* . . . as his only supporting authority." In that case, the Mississippi Supreme Court found the Mississippi Constitution requires a criminal indictment to conclude with the language "'against the peace and dignity of the state.'" *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995) (quoting Miss. Const. art. 6, § 169). Yet as pointed out above, Wilkins pled guilty in 2007, and *McNeal* was decided in 1995. As we have recently held, examining the same case and the same argument with a different petitioner, *McNeal* "is a preceding, not an intervening, supreme court decision." *Lawrence v. State*, No. 2018-CP-01585-COA, 2019 WL 5387936, at *2 (¶9) (Miss. Ct. App. Oct. 22, 2019). As a result, the time-bar still applies.

¶9.    Furthermore, even if *McNeal* was an intervening decision, Wilkins pled guilty, which waived any alleged defect. "While the concluding statement is, in fact, required, it is a matter of the form of the indictment." *Pegues v. State*, 214 So. 3d 1080, 1082 (¶5) (Miss. Ct. App. 2017). "Such claims must be raised as a demurrer to the indictment and are waived by a

3

valid guilty plea." *Id*. In that case, we held that since the petitioner "did not object to his indictment prior to pleading guilty, this claim has been waived." *Id*. at 1082-83 (¶5); *see also Johnson v. State*, 247 So. 3d 300, 302 (¶5) (Miss. Ct. App. 2017) ("[W]hile the concluding statement is required, it is a matter of the form of the indictment" that is "waived by a valid guilty plea."); *Buford v. State*, 756 So. 2d 815, 817 (¶6) (Miss. Ct. App. 2000) ("Certainly, *McNeal* has no effect in this case since it is fundamental criminal law that the entry of a guilty plea is, in itself, a waiver of defects of form curable by amendment.").

¶10. This argument is also successive-writ barred because Wilkins attacked his indictment in his first PCR attempt in 2010. The PCR statute "imposes a bar against successive writs." *Lawrence*, 2019 WL 5387936, at *2 (¶10); *see* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). "A movant is granted one bite at the apple, so he must place before the court all claims known to him and/or of which he should have had knowledge." *Id*. at *2 (¶10) (internal quotation mark omitted). "The failure to do so results in a loss of his claims for a second or successive petition." *Id*.

¶11. The alleged defect Wilkins focuses on in this appeal was apparent in 2010, when he argued that his "indictment was defective because the date stated as June 30, 1997, which was given as the date of conviction for one of the prior felony convictions used for enhancement, should have been May 23, 2003." *Wilkins*, 57 So. 3d at 25-26 (¶¶19-21) (finding the error a scrivener's error that "did not render the indictment defective"). Because he could have raised this argument at that time, it is now barred as a successive petition.

¶12. Last, even if the claim were not time-barred, waived by the guilty plea, or barred as

a successive petition, it is also factually wrong. In *Pegues*, we ruled that the contention the indictment was defective was "plainly without merit" since "[e]ach of the three counts of his indictment ends with the words 'against the peace and dignity of the State of Mississippi.'" *Pegues*, 214 So. 3d at 1083 (¶6) (footnote omitted). "While the redundancy is unnecessary, all counts of the indictment meet constitutional muster so long as the indictment concludes with the magic words, which this one does." *Id.* The same is true in this case, because the conclusion of the burglary count contains the phrase "against the peace and dignity of the State of Mississippi," and the conclusion of the habitual offender section contains the phrase "against the peace and dignity of the State." Wilkins seems to argue that anything after the first usage of the phrase "against the peace and dignity of the State of Mississippi" is void, but there is no case that supports his argument, and *Pegues* expressly held that the redundancy was unnecessary so long as the indictment concluded with the phrase. Because Wilkins' indictment did contain this language, this argument is without merit.

¶13. As to the other exceptions to the time-bar, Wilkins "raises no newly discovered evidence, and his sentence has not expired;" so the time-bar will apply. *Lawrence*, 2019 WL 5387936, at *2 (¶9).

¶14. Finally, "errors affecting fundamental constitutional rights are excepted from the procedural bars" such as the time-bar and successive-writ bar. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). Wilkins claims his lawyer was ineffective for failing to challenge the indictment, not explaining to him the burden of proof at trial, and using "subtle coercion" to convince him to plead guilty. However, as set out above, the indictment was

not defective, so in turn the lawyer was not deficient for not objecting to the instrument.

¶15.    A decade ago we concluded that "during the plea colloquy, it must be noted that Wilkins swore . . . he was satisfied with his attorney's service[.]" *Wilkins*, 57 So. 3d at 24 (¶11). Nonetheless, he claimed five different methods of ineffectiveness by his lawyer in that appeal. *Id*. at 21-24 (¶¶4-11). As set out above, the PCR statute "imposes a bar against successive writs." *Lawrence*, 2019 WL 5387936, at *2 (¶10); *see* Miss. Code Ann. § 99-39-23(6). In that decision, we concluded that because it was the petitioner's "second PCR motion, it is also barred under the successive-writs prohibition, including his claim of ineffective counsel." *Id.* The same result must be applied here. Wilkins already claimed his lawyer was ineffective in his first PCR petition and cannot later make further claims based on the same circumstances when an exception to the time-bar does not apply. His argument was also "supported only by his own assertions," and those assertions, "standing alone, are insufficient to prove ineffective assistance of counsel." *Pegues*, 214 So. 3d at 1083 (¶11).

¶16.    The circuit court was correct in finding the petition successive-writ barred. It was also time-barred and in any event without merit. Therefore we affirm the denial of the PCR petition.

¶17.    **AFFIRMED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**