# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01760-COA

**KEVIN BAROME COLLINS A/K/A KEVIN COLLINS A/K/A KEVIN B. COLLINS**                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2019 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEVIN BAROME COLLINS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/23/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Kevin Collins appeals from the Lincoln County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2014, Collins was indicted for murder, conspiracy to commit murder, aggravated assault, and possession of a firearm by a felon. In May 2015, Collins pled guilty to manslaughter and aggravated assault. For the manslaughter conviction, he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. For the aggravated-assault conviction, he was sentenced to ten years, with eight years suspended and

two years to serve, and five years of post-release supervision. The circuit court ordered Collins's sentences to run consecutively, and he was ordered to pay a $5,000 fine, $5,858.95 in restitution, and $419.50 in court costs.

¶3. In March 2017, Collins filed a PCR motion claiming (1) his convictions were against the overwhelming weight of the evidence, (2) his guilty plea lacked a sufficient factual basis, (3) the court did not advise him of certain constitutional rights, (4) his indictment was defective, and (5) he received ineffective assistance of counsel. Subsequently, the circuit court entered an order dismissing Collins's motion. Collins filed a notice of appeal that our supreme court dismissed as untimely filed in July 2018. Collins filed a motion to reinstate the appeal after the mandate issued, which was denied.

¶4. In August 2019, Collins filed a second PCR motion reasserting the claims that he raised in his first PCR motion. The circuit court dismissed the motion as time-barred and barred as a successive motion. The court further held that Collins's claims did not overcome the procedural bars. Now Collins appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶6. Under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, Collins had three years after the entry of the judgment of conviction to file a PCR motion. *Id.* § 99-39-5(2) (Rev. 2015). Because Collins's PCR motion is not his first and was filed more than three years after the entry of the judgment of conviction, it is procedurally barred. Notwithstanding the bar, we briefly address his contentions below.

¶7. It is true that "errors affecting fundamental rights may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010) (internal quotation marks omitted). But "the mere assertion of a constitutional[-]right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (internal quotation mark omitted) (quoting *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). To find an exception to the bar, "there must at least appear to be some basis for the truth of the claim . . . ." *Id.* (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)).

## I. Weight of the Evidence

¶8. Collins claims his convictions were against the overwhelming weight of the evidence. Collins notes that his indictment alleged he used both a "firearm" and a "handgun" to shoot the victims, and he suggests that it was impossible for him to have used two different weapons. He also argues that the aggravated-assault statute requires an intended victim to exist, and he did not intend to shoot at least one of the victims. However, this Court has held

that challenges to the weight of the evidence are waived by pleading guilty. *See Pegues v. State*, 214 So. 3d 1080, 1083 (¶13) (Miss. Ct. App. 2017). Because Collins pled guilty, this issue was waived.

## II.    Factual Basis

¶9.    Collins claims that an insufficient factual basis existed for his guilty plea. "Prior to accepting a defendant's guilty plea, the circuit court must first decide whether the plea is voluntarily and intelligently made and whether a factual basis exists to support the plea." *Tucker v. State*, 294 So. 3d 690, 695 (¶9) (Miss. Ct. App. 2020) (citing *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016)). "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Id.* (quoting *Jenkins v. State*, 202 So. 3d 220, 222 (¶8) (Miss. Ct. App. 2016)). "This Court reviews the entire record to determine whether a factual basis supported the defendant's plea." *Id.* (citing *Smith v. State*, 86 So. 3d 276, 280-81 (¶11) (Miss. Ct. App. 2012)).

¶10.    At the plea hearing, the court asked the State for a factual basis to support Collins's plea:

> COURT:    The State have proffers?
>
> STATE:    We do, Your Honor.  As to Count 1, on or about October the 13th of 2013, Kevin Collins and David Earl Jones went to a residence . . . and found Mr. Darian Reese.  A shootout occurred in which Mr. Reese was hit and died at the hospital.  As to Count 3, on the same date, October 13th of 2013, in the middle of this shootout, Ms. Kimberly Simon was driving north on MLK and was hit - - a bullet came through her front windshield and hit her in the shoulder.  That is to the aggravated assault.

4

. . . .

COURT: All right. And, Mr. Collins, there's one thing - - I got kind of off my normal routine talking about the plea agreement. Have you had a chance to go over the evidence in this case with your attorney?

COLLINS: Yes, sir.

COURT: Are you satisfied that if we had a trial and brought that out, that the jury would have enough evidence to find you guilty of manslaughter and aggravated assault?

COLLINS: Yes, sir.

¶11. Collins heard the factual statements presented by the State and admitted that enough evidence existed to support convictions for manslaughter and aggravated assault. Upon reviewing the entire record, and based upon the statements made during the plea hearing by the State and Collins, we find that a sufficient factual basis was established to support Collins's plea.

### III. Constitutional Rights

¶12. Collins claims the circuit court failed to advise him of certain constitutional rights. "A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently." *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011) (citing *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). "A plea will be deemed to meet this standard where 'the defendant is advised concerning the nature of the charge against him and the consequences of the plea.'" *Id.* (quoting *Mason v. State*, 42 So. 3d 629, 632 (¶7) (Miss. Ct. App. 2010)). "Specifically, the defendant must be advised that his guilty plea waives multiple

5

constitutional rights." *Id*. (citing *Hannah v. State*, 943 So. 2d 20, 25 (¶12) (Miss. 2006)).

¶13. Collins asserts that he was not advised that he had a right to counsel, a right to cross-examine witnesses, and a right against self-incrimination. However, the transcript from the plea hearing shows otherwise:

> COURT: You have the right to have an attorney represent you at all stages of the proceeding or at every part of the case. If you can't afford an attorney, you have the right to have one appointed for you and paid for by the county. Was [counsel] hired to represent you in this case?
>
> COLLINS: Yes, sir.
>
> . . . .
>
> COURT: . . . You have the right to confront and have [counsel] cross-examine any witnesses who bring testimony or other evidence against you. You have the right not to give any information that incriminates you, and you have the right not to provide any information or any evidence at all. You have the right to testify in your own defense, but you also have the right not to testify. You have the choice as to which of those you decide to do. . . . Do you understand those rights?
>
> COLLINS: Yes, sir.
>
> COURT: Mr. Collins, do you understand that if you plead guilty here today in court, you give up, or waive, all of those rights?
>
> COLLINS: Yes, sir.

¶14. A review of the transcript shows Collins was advised that he had a right to counsel (and had hired counsel), and he was advised that by entering a guilty plea he would waive his right to cross-examine witnesses and his right against self-incrimination. Therefore, this issue is without merit.

6

## IV. Indictment

¶15. Collins claims his indictment was defective because it did not conclude with the words "against the peace and dignity." Article 6, Section 169 of the Mississippi Constitution provides, in relevant part, that "all indictments shall conclude 'against the peace and dignity of the State.'" This Court has held that "while the concluding statement is, in fact, required, it is a matter of the form of the indictment." *Collins v. State*, 270 So. 3d 63, 67 (¶13) (Miss. Ct. App. 2018) (quoting *Pegues*, 214 So. 3d at 1082 (¶5)). "As such, claims regarding the concluding statement 'must be raised as a demurrer to the indictment and are waived by a valid guilty plea.'" *Id*. There is no indication in the record that Collins objected to his indictment prior to pleading guilty. Therefore, this issue was waived. Nevertheless, a review of the record shows that Collins's indictment concluded with the words "against the peace and dignity of the State."

¶16. Collins also claims his indictment was defective because it contained a citation to an incorrect statute. The State admits that the indictment contained an incorrect citation in the charge of conspiracy to commit murder.[1] However, this Court has held that "a valid guilty plea waives all non-jurisdictional defects to an indictment." *Ivy v. State*, 31 So. 3d 643, 645 (¶6) (Miss. Ct. App. 2009). Furthermore, this Court has held that "the incorrect citation of a statute number does not alone render an indictment defective, but rather is 'mere surplusage' and not prejudicial to a defendant." *Evans v. State*, 916 So. 2d 550, 552 (¶6) (Miss. Ct. App. 2005) (citing *White v. State*, 169 Miss. 332, 153 So. 387, 388 (1934)).

---

[1] The State notes that this charge was ultimately dismissed as part of Collins's plea agreement.

"When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified." *Id*. (citing *Carroll v. State*, 755 So. 2d 483, 487 (¶¶9-11) (Miss. Ct. App. 1999)). Because Collins pled guilty, this issue was waived.

### V. Ineffective Assistance of Counsel

¶17. Finally, Collins claims he received ineffective assistance of counsel. In order to prove ineffective assistance of counsel, Collins must show that "(1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Herrington v. State*, 102 So. 3d 1241, 1244 (¶10) (Miss. Ct. App. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶18. Collins contends that his attorney's assistance was ineffective for failing to raise the issues that he (Collins) raised in PCR proceedings and on appeal. However, "[b]ecause we have held that the underlying claims are without merit, [Collins] cannot show the requisite deficient performance and resulting prejudice necessary to establish the various claims of ineffective assistance of counsel." *Walker v. State*, 863 So. 2d 1, 11 (¶16) (Miss. 2003).

¶19. Collins also claims that his attorney coerced him into pleading guilty to fraudulent charges. This Court had held that "[g]reat weight may be placed on a defendant's sworn testimony given at a plea hearing, because 'solemn declarations in open court carry a strong presumption of verity.'" *Evans v. State*, 114 So. 3d 778, 781 (¶9) (Miss. Ct. App. 2013) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). And "[a] defendant faces a 'high hurdle in recanting that testimony.'" *Id*. (quoting *Pevey v. State*, 914 So. 2d 1287, 1290 (¶8)

(Miss Ct. App. 2005)).

¶20.    During the plea hearing, Collins indicated that he had not been coerced to plead guilty:

> COURT:     Has anyone threatened you or abused you to cause you to want to plead guilty?
>
> COLLINS:   No, sir.
>
> . . . .
>
> COURT:     Other than a reduction of the charges and a sentencing recommendation, have you been promised anything?
>
> COLLINS:   No, sir.

Collins also indicated that he was satisfied with the assistance of his attorney. The only evidence offered by Collins to support his claim that he was coerced is his own unsupported assertions.

¶21.    Collins has failed to demonstrate that there is any merit to his claims, and they are not excepted from the procedural bars. Therefore, we affirm the circuit court's dismissal of post-conviction relief.

¶22.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**